UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-91-RLV
(5:06-cr-009-RLV-DCK-1)

| | |
|---|---|
| RICARDO MENDEZ-VALDEZ, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 3), and on Petitioner's Motion to Compel, (Doc. No. 2). For the reasons that follow, both of Petitioner's motions will be denied, and the Section 2255 petition will be dismissed as untimely.

**I. BACKGROUND**

On July 23, 2007, Petitioner pled guilty in this Court to conspiracy to possess with intent to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and (C) (Count One), possession with intent to distribute methamphetamine and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2 (Count Two), and possession with intent to distribute methamphetamine and cocaine and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(C) (Count Three). See (5:06-cr-09, Doc. No. 1: Indictment). Petitioner was sentenced to 235 months imprisonment on each count, to be served concurrently. (Id., Doc. No. 87: Judgment).

On September 14, 2010, the Fourth Circuit affirmed Petitioner's conviction and sentence. United States v. Mendez-Valdez, 395 Fed. App'x 51 (4th Cir. 2010). On January 18, 2011, the

1

Supreme Court denied Petitioner's petition for writ of certiorari. Mendez-Valdez v. United States, 131 S. Ct. 1034 (2011). On June 29, 2012, Petitioner filed the instant Section 2255 motion challenging his sentence, asserting essentially that his guilty plea was not voluntarily and knowingly made and was the result of bad advice from trial counsel regarding the length of the sentence that he would receive. See (Doc. No. 1-2 at 1-2).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A. Relief under 28 U.S.C. § 2255

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, Petitioner's criminal judgment became final for purposes of the statute of limitations on January 18, 2011, when the Supreme Court denied the petition for writ of certiorari. See Clay v. United States, 537 U.S. 522, 527 (2003). The instant motion was not filed until June 29, 2012, more than one year after the judgment became final. In Section 18 of the petition regarding timeliness, Petitioner states that "Petitioner makes a constitutional challenge under the authority of the Supreme Court decisions in Missouri v. Frye, [132 S. Ct. 1399] (2012), Lafler v. Cooper , [132 S. Ct. 1376] (2012), Padilla v. Kentucky, [130 S. Ct. 1473] (2010)." Petitioner further contends in his memorandum in support of the motion to vacate that the petition is timely under 28 U.S.C. § 2255(f)(3), which provides that the petition may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." See (Doc. No. 1-2 at 7). Section 2255(f)(3), however, does not apply to Petitioner because the cases Petitioner cites have not been made retroactively available on collateral review. That is, the Supreme Court held in Lafler and Frye that the Sixth Amendment right to counsel is violated when a defendant receives a harsher sentence as a result of the attorney's constitutionally deficient advice to reject a plea bargain, see Lafler, 132 S. Ct. at 1383, 1390-91, or as a result of an attorney's failure to inform the defendant of a plea offer from the government, see Frye, 132 S. Ct. at 1404, 1410-11. However, the Supreme Court has not held that either of these cases established a new right that is retroactively applicable to cases on

collateral review.  See In re King, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam); Hare v. United States, 688 F.3d 878-80 (7th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re Arras, No. 12-2195 (10th Cir. Dec. 11, 2012) (denying authorization to file a second or successive Section 2255 motion because neither Lafler nor Frye established a new rule of constitutional law); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012).

As for Padilla v. Kentucky, which was issued on March 31, 2010, the Supreme Court found that a claim that counsel failed to advise a defendant of the immigration consequences of pleading guilty is subject to the two-pronged analysis set out in Strickland v. Washington, 466 U.S. 688 (1984).  Padilla, 130 S. Ct. at 1482.  The Fourth Circuit has held that Padilla did not recognize a new right that is retroactively applicable to cases on collateral review.  United States v. Mathur, 685 F.3d 396, 403-04 (4th Cir. 2012) (Niemeyer, C.J., concurring).  In any event, the one-year period set forth in Section 2255(f)(3) begins to run on "the date on which the right asserted was initially recognized by the Supreme Court."  28 U.S.C. § 2255(f)(3).  "An applicant has one year from the date on which the right he asserts was initially recognized by this Court."  Dodd v. United States, 545 U.S. 353, 357 (2005).   The Section 2255 petition in this case was not filed until June 29, 2012, more than two years after Padilla was issued.  Therefore, regardless of the retroactivity of Padilla, the limitations period provided by Section 2255(f)(3) does not apply to render the petition here timely.  Furthermore, Petitioner has presented no grounds for equitable tolling, and the Court finds none.  In sum, the petition must be dismissed as untimely.

Finally, in support of the motion to compel, Petitioner states that he seeks an order from the Court requiring Respondent to answer the Section 2255 petition.  Because the Court is dismissing the Section 2255 petition as untimely on the Court's initial review, no response from

4

the government is necessary, and the motion to compel is moot and will be denied.

**IV. CONCLUSION**

In sum, for the reasons stated herein, Petitioner's Section 2255 motion is untimely, and the petition will therefore be dismissed.[1]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Section 2255 motion, (Doc. No. 3), is **DENIED** and petition is **DISMISSED**.

2. Petitioner's Motion to Compel, (Doc. No. 2), is **DENIED** as moot.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

1 The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it. Here, however, such warning is not necessary because, in his Section 2255 petition and his memorandum in support of the petition, Petitioner addressed the statute of limitations issue thoroughly, contending that his petition is timely under Section 2255(f)(3) and because his case involves "extraordinary circumstances." Furthermore, Petitioner's explanation indicates no confusion over the timeliness issue.

5

Case 5:12-cv-00091-RLV   Document 3   Filed 02/19/13   Page 5 of 6

Signed: February 19, 2013

Richard L. Voorhees
United States District Judge